RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 22a0065p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

─────────────────

ROBERTO ISAAC HERNANDEZ-SERRANO,

         *Petitioner*,

  *v.*

MERRICK B. GARLAND, Attorney General,

         *Respondent*.

No. 20-3175

─────────────────

On Motion to Vacate the Court's Previous Opinion and Judgment.
Petition for Review from the Board of Immigration Appeals; No. A 208 449 630.

Decided and Filed: April 7, 2022

Before: GUY, CLAY, and KETHLEDGE, Circuit Judges.

─────────────────

**COUNSEL**

**ON MOTION:** Mark C. Fleming, WILMER CUTLER PICKERING HALE & DORR LLP, Boston, Massachusetts, Benjamin R. Winograd, IMMIGRANT & REFUGEE APPELLATE CENTER, LLC, Alexandria, Virginia, Rachel Bonano, LAW OFFICE OF RACHEL BONANO, PLLC, Knoxville, Tennessee, for Petitioner.

─────────────────

**ORDER**

─────────────────

As a matter of administrative grace, this court granted to Roberto Hernandez-Serrano no fewer than 14 extensions of time to file a petition for rehearing en banc in this case—thereby affording him up to 510 days to file such a petition, rather than the usual 45 days prescribed by Appellate Rule 40(a)(1). Hernandez-Serrano never filed such a petition, because he chose not to file one. Instead, with the help of our mediation office, Hernandez-Serrano eventually obtained complete relief from the Board of Immigration Appeals, which rendered further proceedings in

our court moot.  Hernandez-Serrano now comes to us with a motion to vacate our panel decision in this case, asserting that—"by the vagaries of circumstance"—he was denied "a chance" to seek review of our opinion.  Mot. at 7 (internal quotation marks omitted).  But for 450 days—before his case here became moot—Hernandez-Serrano could have sought review of our decision at any time he liked.  His failure to seek that review was a matter of choice, not chance.  We deny his motion.

Hernandez-Serrano entered the United States without inspection in September 2015, when he was 16 years-old.  He was promptly placed in removal proceedings before an Immigration Judge (IJ).  Thereafter he moved for administrative closure of his case.  The IJ denied that motion and eventually ordered Hernandez-Serrano removed to El Salvador.  Hernandez-Serrano appealed to the Board of Immigration Appeals, arguing that the IJ should have granted his motion for administrative closure.  The Board denied relief, reasoning that the IJ lacked authority to close his case administratively under the Attorney General's decision in *Matter of Castro-Tum*, 27 I. & N. Dec. 271 (A.G. 2018).  Hernandez-Serrano then filed a petition for review with this court.  On November 24, 2020, we denied his petition and held in a published opinion that the Attorney General's regulations did "not delegate to the IJs or the Board the general authority to suspend indefinitely immigration proceedings by administrative closure."  *Hernandez-Serrano v. Barr*, 981 F.3d 459, 466 (6th Cir. 2020) (internal quotation marks omitted).  Judge Clay dissented.  *See id.* at 467.  We also entered judgment accordingly.

Hernandez-Serrano's deadline for filing a petition for rehearing was January 8, 2021.  *See* Fed. R. App. P. 40(a)(1).  On December 16, 2020, new counsel for Hernandez-Serrano filed an appearance and moved to extend the deadline for filing a petition for rehearing.  We granted that motion in part and extended the deadline to January 21, 2021.  Meanwhile, in a Rule 28(j) letter filed on October 23, 2020, the government had stated that, "[g]iven the equities in this case, [the Department of Homeland Security] may be willing to join" a motion under 8 C.F.R. § 1003.2(c)(3)(iii) to reopen Hernandez-Serrano's case before the Board.  As a practical matter, that motion (if granted by the Board) could have eventually provided Hernandez-Serrano more relief than our court could have provided him.  Yet by mid-January 2021 Hernandez-Serrano's counsel had apparently neglected to follow up on the government's offer to file it.  The panel therefore directed our Circuit Mediator to contact the parties about the possibility of mediation.

The parties promptly agreed to mediate and specifically to exhaust the possibility of relief before the Board. To that end, the panel delegated to the Circuit Mediator our authority to grant extensions of Hernandez-Serrano's time to file a petition for rehearing. During the next two months, the parties continued their mediation; our court extended twice more the time for Hernandez-Serrano to file a petition for rehearing; and Hernandez-Serrano chose not to file one.

On March 18, 2021, our court again extended the time for Hernandez-Serrano to file a petition for rehearing. Four days later, DHS filed a motion with the Board "to reopen and dismiss" Hernandez-Serrano's removal proceedings under 8 C.F.R. § 1239.2(c). Only the government can file a motion to dismiss under that provision. *See id.* But Hernandez-Serrano "provided evidence" in support of the motion and allowed the government to recite that he did "not oppose" it. *See id.* at 1, 2.

During the next eleven months, our court extended the time for Hernandez-Serrano to file a petition for rehearing another ten times; and throughout that period Hernandez-Serrano again did not file one. On February 17, 2022—after Hernandez-Serrano had chosen not to seek review of our decision for 450 days running—the Board granted DHS's motion "to reopen and dismiss" Hernandez-Serrano's removal proceedings. Proceedings that the Board has already dismissed, of course, are proceedings that the Board cannot administratively close. Hernandez-Serrano is therefore correct that his case in our court is now moot.

That brings us to Hernandez-Serrano's pending motion to vacate our decision and judgment. Vacatur is an "extraordinary remedy" for which Hernandez-Serrano bears the "burden" of showing "entitlement." *U.S. Bancorp Mortgage Co. v. Banner Mall Partnership*, 513 U.S. 18, 26 (1994). The rationale for vacatur is that "[a] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." *Id*. at 25. Hernandez-Serrano has established neither premise here: for some 450 days Hernandez-Serrano did *not* seek review of our panel decision; nor was he prevented from doing so by "the vagaries of circumstance[.]" Thus, as in *Bancorp*, our decision was "not unreviewable, but simply unreviewed by [Hernandez-Serrano's] own choice." *Id*.

Hernandez-Serrano argues he is entitled to vacatur nonetheless, because, he says, the "unilateral action" of the government—namely, its motion to "reopen and dismiss" his removal proceedings before the Board—is what caused his case here to become moot. That argument is tendentious at best. Hernandez-Serrano was hardly a disinterested observer in the proceedings leading to the relief granted to him by the Board. For two months before that motion, he chose not to seek review of our decision; he did not himself file the motion to dismiss because he could not have filed it, *see* 8 C.F.R. § 1239.2(c); he "provided evidence" in support of the motion and did not oppose it; and for another eleven months he chose not to file a petition for rehearing—or, for that matter, to end proceedings in our court and file a petition for certiorari in the Supreme Court—even though nothing prevented him from doing those things, and even though he surely knew that dismissal of his removal proceedings would render his case here moot.

Hernandez-Serrano's decisions in all those respects were perfectly reasonable: for him, this case was a means to obtain relief from an order of removal, rather than a vehicle to obtain a decision from our en banc court or from the Supreme Court. His case is now moot because, for 13 months, he cooperated every step of the way in a mediated effort that brought him more relief than he ever could have obtained from either of those courts. But Hernandez-Serrano has not remotely shown an entitlement to vacatur of our panel's opinion as well. That is reason enough to deny his motion. If the Supreme Court eventually wants to review the question presented here, it can; in the meantime, our opinions will add to the "debate *among* the courts of appeals" that helps to "illuminate[] the questions that come before" the Supreme Court for review. *Bancorp*, 513 U.S. at 27.

We **DENY** the petitioner's motion and **DISMISS** the case. An amended judgment shall issue accordingly.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk